Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000673
18-APR-2019
07:48 AM

NO. CAAP-17-0000673

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
JOHN EWALIKO-FAATEA and LOGOTAEAO FAATEA, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC161001619)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals

from the August 22, 2017 Order Granting Defendant Ewaliko-

Faatea's Motion to Dismiss for Violation of [Hawaii Rules of

Penal Procedure (**HRPP**)] Rule 48(b)(1),[1] filed June 13, 2017, and

Defendant Logotaeao Faatea's [**Faatea**] Motion to Dismiss Charges

with Prejudice for Violation of Speedy Trial Rights Under [HRPP

---

[1]     HRPP Rule 48(b) states, in relevant part:

> **(b) By court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:

> (1)   from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

Rule 48] and Under the State and Federal Constitutions, filed June 13, 2017 (**Dismissal Order**), which was filed in the Circuit Court of the First Circuit (**Circuit Court**).[2]

The State raises a single point of error, challenging Conclusions of Law (**COLs**) 12, and 18-20, and contending that the Circuit Court abused its discretion in weighing the Estencion factors when rendering its decision to dismiss the case with prejudice.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve the State's point of error as follows:

In State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), the Hawaiʻi Supreme Court provided three factors for a circuit court to consider when determining whether to dismiss a case with or without prejudice. Citing the Federal Speedy Trial Act, the supreme court stated:

> To eliminate confusion and to help the trial court in the exercise of its discretion here, we think the following language is appropriate:
>
> > In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.
>
> § 3162(a)(1) of the Federal Speedy Trial Act, 18 U.S.C.A. (1969), Supp.1980.
>
> We adopt the language of the Federal Speedy Trial Act as a requirement to [HRPP] Rule 48(b).

---

[2]    The Honorable Karen T. Nakasone presided.

Id. at 269, 625 P.2d at 1044. In addition, "[a]lthough not set forth as one of the three enumerated factors, prejudice to the defendant may be a relevant consideration in the trial court's decision to dismiss with or without prejudice under HRPP Rule 48." State v. Fukuoka, 141 Hawai'i 48, 56, 404 P.3d 314, 322 (2017) (citation and quotation marks omitted). Prejudice is not required for relief under HRPP Rule 48, but it will most often be a factor inherent in a circuit court's examination of the impact of the reprosecution of the defendant on the administration of justice under the third Estencion factor. Id. The supreme court has also concluded that "'the trial court may consider other factors it finds to be relevant to the case before it' beyond those enumerated in Estencion." Id. (quoting State v. Coyaso, 73 Haw. 352, 357, 833 P.2d 66, 69 (1992)).

The Dismissal Order shows that the Circuit Court considered each of the Estencion factors and exercised its discretion in affording weight to each of the factors according to its reasoned judgment. Regarding the first Estencion factor, the seriousness of the charged offenses, the Circuit Court recognized the charged offenses were serious as Class A felonies.[3] As reflected in the Circuit Court's Findings of Fact (**FOFs**), the court was aware that Faatea was an adult corrections officer at the time of the alleged offenses. The State argues that Faatea's employment, a position of public trust, makes the

---

[3] Both defendants were charged with Commercial Promotion of Marijuana in the First Degree, in violation of HRS § 712-1249.4(1)(a) (2014), and Promoting a Harmful Drug in the First Degree, in violation of HRS § 712-1244(1)(b) (2014), each of which is a Class A felony.

alleged offenses more serious, but cites no authority for the proposition that the court must consider the offenses to be more serious due to Faatea's employment or to give more weight to the offenses than was afforded by the court.

Regarding the second factor, the facts and circumstances of the case that led to dismissal, the Circuit Court found that the delays attributed to the State, "especially with regard to HPD's responses with regard to the search warrant-related discovery, were inexplicable, extremely lengthy, and demonstrated a lack of diligence by HPD in producing the discovery so that this case could proceed in a timely manner to trial." The court found this factor weighed in favor of dismissal with prejudice.

Regarding the third Estencion factor, the impact of the reprosecution on the administration of justice, among the many relevant considerations when ascertaining prejudice to the defendants is the effect of the delay of trial on the defendants' liberty, employment, financial resources, associations, public disgrace, and anxiety. See Fukuoka, 141 Hawai'i at 63, 404 P.3d at 329 (the longer the delay of trial the greater the prejudice to the defendant in terms of restrictions on his liberty); United States v. Taylor, 487 U.S. 326, 340 (1988) (citation omitted) ("[I]nordinate delay between public charge and trial, . . . wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject

him to public obloquy, and create anxiety in him, his family and his friends.'"). The Circuit Court's reasoning that the extensive delay caused by the State's dilatory discovery responses and the substantial publicity around the case caused substantial prejudice to the Faateas is a determination within the bounds of reason. See Fukuoka, 141 Hawai'i at 63, 404 P.3d at 329.

Generally, the weight afforded to various factors that must be considered by a circuit court in arriving at a decision is left to the court's discretion. See, e.g., State v. Kong, 131 Hawai'i 94, 101, 315 P.3d 720, 727 (2013) (weight afforded to sentencing factors is generally left to the discretion of sentencing court); Fisher v. Fisher, 111 Hawai'i 41, 50, 137 P.3d 355, 364 (2006) (family court granted broad discretion to weigh various factors with no factor given presumptive paramount weight). We cannot conclude that the Circuit Court abused its discretion in its attribution of significant weight to the third Estencion factor in coming to its decision.

We conclude that the Circuit Court did not abuse its discretion in considering whether the balance of the factors weighed in favor of permitting or prohibiting reprosecution. In reaching its decision, the Circuit Court evaluated each Estencion factor, sufficiently explained under the circumstances of this case the effects of the Estencion factors on its reasoning, and weighed the Estencion factors against one another. We therefore conclude based on the record in this case—and in light of the applicable principles that guide a court in the exercise of its

5

discretion—that the Circuit Court did not abuse its discretion in dismissing the charges with prejudice.  See Fukuoka, 141 Hawai'i at 66, 404 P.3d at 332.[4]

For these reasons, the Circuit Court's August 22, 2017 Dismissal Order is affirmed.

DATED: Honolulu, Hawai'i, April 18, 2019.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Richard L. Hoke, Jr.,
for Defendant-Appellee
 JOHN EWALIKO-FAATEA.

Richard Naiwieha Wurdeman,
for Defendant-Appellee
 LOGOTAEAO FAATEA.

Chief Judge

Associate Judge

Associate Judge

---

[4] Because we have concluded that the Circuit Court did not abuse its discretion in dismissing the charges with prejudice under HRPP Rule 48, it is unnecessary to address the court's decision to also dismiss on federal and state constitutional speedy trial grounds.